IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-376-FL

| | | |
|---|---|---|
| MATTHEW DOUGLAS BUTALA, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| JOHN F. LOGAN, CHAPTER 13 | ) | |
| TRUSTEE, | ) | |
| | ) | |
| Appellee. | ) | |

This matter is before the court on appeal by Matthew Douglas Butala ("Debtor") from an

order of the United States Bankruptcy Court dated July 10, 2018. Notice of appeal was filed on July

23, 2018 pursuant to 28 U.S.C. § 158(a), within the time period allotted by Federal Rule of

Bankruptcy Procedure 8002. The appeal has been fully briefed, and the matter is now ripe for

decision. For the reasons that follow, the decision below is affirmed.

**BACKGROUND**

Debtor petitioned for relief under Chapter 7 of the Bankruptcy Code on May 11, 2015. The

petition was converted to one under Chapter 13 on January 13, 2016. Upon conversion, appellee

John F. Logan ("Trustee") ant was appointed trustee.

On October 27, 2016, the bankruptcy court confirmed the Chapter 13 plan presented by the

parties. Among other things, the plan called for debtor to make payments of $187.00 per month over

a period of 60 months.

On November 21, 2017, debtor filed a motion to incur debt, wherein debtor indicated that

he and his wife desired to finance the purchase of a residence costing no more than $425,000.00, where the monthly mortgage payment would not exceed $2,500.00. On January 17, 2018, debtor withdrew the motion to incur debt.

In its place, debtor filed a motion to abrogate Local Bankruptcy Rule 4002-1(g)(5), which requires debtor to seek approval of the bankruptcy court to incur additional debt of $7,500.00 or more. Debtor argues that the local rule should be abrogated because a local bankruptcy court rule cannot abridge, enlarge or modify any substantive right, and debtor has a right to obtain credit and make purchases. In support of debtor's motion, debtor pointed to various alleged inconsistencies between the Bankruptcy Code and Local Bankruptcy Rule 4002-1(g)(5).

On July 10, 2018, the bankruptcy court denied debtor's motion to abrogate. The court noted that "the only matter before the court is the debtor's request that he not be required to comply with the Local Rule; there is no substantive request before the court." (Bankr. Order (DE 7-14) at 3). The bankruptcy court then denied debtor's motion, reasoning that Local Bankruptcy Rule 4002-1(g)(5) is consistent with the purpose of the Bankruptcy Code, does not abridge debtor's substantive right to incur debt, and does not usurp a legislative function.

On July 27, 2018, debtor timely filed notice of appeal of the bankruptcy court's order. The record on appeal was docketed in this court on August 22, 2018. The parties thereafter filed their briefs for the court's consideration.

## DISCUSSION

A.      Standard of Review

This court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a) to review the bankruptcy court's order. "An appeal under subsections (a) and (b) of this section shall be taken in the same

manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . . ." 28 U.S.C. § 158(c)(2).

"On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings." Harman v. Levin, 772 F.2d 1150, 1153 n.3 (4th Cir. 1985) (internal quotations omitted). "[The court] review[s] the bankruptcy court's factual findings for clear error, while [the court] review[s] questions of law de novo." Devan v. Phoenix Am. Life Ins. Co. (In re Merry-Go-Round Enterprises, Inc.), 400 F.3d 219, 224 (4th Cir. 2005) (quoting Loudoun Leasing Dev. Co. v. Ford Motor Credit Co. (In re K & L Lakeland, Inc.), 128 F.3d 203, 206 (4th Cir.1997)).

B.      Analysis

Trustee asks the court to dismiss debtor's appeal because debtor lacks standing to challenge the bankruptcy court's order. "The test for standing to appeal a bankruptcy court's order to the district court is well-established: the appellant must be a person aggrieved by the bankruptcy order. White v. Univision of Virginia, Inc. (In re Urban Broad. Corp.), 401 F.3d 236, 243–44 (4th Cir. 2005) (citing U.S. Trustee v. Clark (In re Clark ), 927 F.2d 793, 795 (4th Cir.1991)). A "person aggrieved" by a bankruptcy order, is one who is "directly and adversely affected pecuniarily." Mort Ranta v. Gorman, 721 F.3d 241, 248 n.10 (4th Cir. 2013) (citing In re Urban Broad. Corp., 401 F.3d at 243–44).

Debtor filed a motion to incur debt on November 21, 2017. (Mot. To Incur (DE 7-9)). However, debtor withdrew his motion on January 17, 2018, before the bankruptcy court had an opportunity to reach the issues raised in the motion. (Withdrawal of Mot. To Incur (DE 7-11)). To date, debtor has not made a request of the bankruptcy court to incur debt that has been denied. As

the bankruptcy court aptly put it, "the only matter before the court is the debtor's request that he not be required to comply with the Local Rule; there is no substantive request before the court." (Bankr. Order (DE 7-14) at 3). In short, debtor has failed to show that he is "directly and adversely affected pecuniarily" by the bankruptcy court's order. See In re Urban Broad. Corp., 401 F.3d at 243–44.

Debtor argues that "[t]he Local Bankruptcy Rule applies to all Chapter 13 cases in this district, including [debtor's] case without exception." (Debtor Reply (DE 21) at 5). However, debtor has not established he is "directly and adversely affected pecuniarily" by the general applicability of the Local Bankruptcy Rules to debtors that initiate Chapter 13 cases in this district. To hold otherwise would be to say that Debtor has standing to appeal any order of the bankruptcy court involving a Local Bankruptcy Rule merely by participating in a bankruptcy proceeding. Without being specifically subjected to the provisions of a particular Local Bankruptcy Rule, debtor is at best indirectly affected by the rule. It is also an overstatement to say that being subject to Local Bankruptcy Rules in general is adverse for the debtor. Indeed, some rules, such as those implementing the automatic stay or discharge in a case, protect debtor. See, e.g., Local Bankruptcy Rule 4001-1, Rule 4001-2. Therefore, merely being subject to the Local Bankruptcy Rules does not make debtor a "person aggrieved" by Local Bankruptcy Rule 4002-1(g)(5).

Debtor also argues that the litigation costs that he would have to incur by prosecuting a motion to incur under Local Bankruptcy Rule 4002-1(g)(5) are sufficient to confer standing to appeal the bankruptcy court's order in this case. (See Debtor Reply (DE 21) at 5-7 ("[W]hether a debtor is proceeding pro se or through counsel, there is time and cost involved in drafting, filing, and serving a motion with the bankruptcy court . . . .")). Debtor's challenge to Local Bankruptcy Rule 4002-1(g)(5) based on litigation costs does not show debtor is "directly and adversely affected

pecuniarily" by the court's decision not to abrogate the local rule. In re Urban Broad. Corp., 401 F.3d at 243–44. Debtor has no pending request to incur debt before the bankruptcy, and as such, debtor is not in fact incurring the litigation costs of making a motion to incur. Debtor is only indirectly affected pecuniarily by the bankruptcy court's order denying debtor's motion to abrogate, because debtor has not fully prosecuted a motion to incur. In contrast, debtor will be directly affected pecuniarily by Local Bankruptcy Rule 4002-1(g)(5) if he litigates a motion to incur.

Finally, debtor argues that his right to contract and purchase has been infringed by the mere existence of Local Bankruptcy Rule 4002-1(g)(5). (Debtor Reply (DE 21) at 7). As stated above, debtor has not made any showing that he has been unjustly subjected to an adverse decision of the bankruptcy court under Local Bankruptcy Rule 4002-1(g)(5) with respect to any particular transaction, and therefore general assertions of the right to contract are insufficient to make debtor a "person aggrieved" by the bankruptcy court's decision not to abrogate its local rules.

Accordingly, the court affirms the decision of the bankruptcy court for lack of standing. The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

## CONCLUSION

Based on the foregoing, the decision of the bankruptcy court is AFFIRMED. The clerk is DIRECTED to close the case.

SO ORDERED, this the 21st day of February, 2019.


LOUISE W. FLANAGAN
United States District Judge

5